# ATTACHMENT 1

~~SECRET~~

US Classification//Non US//SCI//Codeword//FGI//Dissem Controls//Non-Intell//Declass (as appropriate)

## ROUTING AND RECORD SHEET

**SUBJECT (Optional):** (C) NOC COMPLAINANT

**FROM:** C/SAD

**Extension:** 77400

**NO.:** SAD

**DATE:** 05 January 2009

| TO (Officer designation, room, and building) | DATE RECEIVED | DATE FORWARDED | OFFICIAL'S INITIALS | COMMENTS (Number each comment to show from whom to whom. Draw a line across column after each comment.) |
|---|---|---|---|---|
| 1. C/GDC | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |
| 11. | | | | |
| 12. | | | | |
| 13. | | | | |
| 14. | | | | |

~~SECRET~~

53/5

FORM 610 USE PREVIOUS EDITIONS
02-01

C : 00648

~~SECRET~~

SAD [    ]

MEMORANDUM FOR:   Chief, Global Deployment Center

FROM:            [            ]
                 Chief, Special Activities Division

SUBJECT:         (S) [   ] COMPLAINANT

1. (S) My first experience with [   ] Case Officer Complainant occurred in Fall 2002 when I was assigned to the position of C[    ] (now GDC). Complainant was assigned as a [   ] Officer to [   ] at that time, and was concurrently listed as an available [            ]. During my tenure as C/GDC, Complainant did not deploy outside of [   ] for any mission requirements. Of note:

- His tour to [   ] was hallmarked by a lack of operational accomplishment and mediocrity. [            ] He failed at this, and his posting was unremarkable.

- [   ] Complainant was consistently late in submission of accountings, could never reconcile his [   ] Fund Accounts, and processing his [        ] through [   ] [   ] was a nightmare for the Finance Officers involved. Despite counseling, his disposition on these issues remained unresponsive, excuse-ridden, unpredictable, and genuinely unpersuasive. While DC/[   ], Chief [   ] and I all suspect manipulation of the [   ] Fund, this was not established during my time in [   ].

54/58

C : 00649

~~SECRET~~

2. (S) Following my reassignment to the position of COS [ ] Complainant was one of the [ ] Officers identified for directed assignment to a [ ] This too was an unremarkable assignment in my judgement, although he did complete the assigned tour of duty.

3. (S) After my reassignment as Chief/[ ] at [ ] Complainant also applied for and was assigned to a position as Instructor. His assignment was controversial on the PMC due to his lack of identifiable operational accomplishment in the core [ ] disciplines. [ ]

- His performance as an Instructor was not adequately or fully documented.

- He was, however, counseled directly regarding alleged inappropriate personal contact with a female student, as well as potentially arbitrary and capricious evaluations of students. In discussion with then C/GDC, Complainant was reassigned back to Hqs to the GDC [ ] Program.

- Over the entire span of the [ ] assignment, Complainant was never, ever able to reconcile past and current accountings. Both myself and DC/[ ] along with C/[ ] Finance suspected inappropriate, inflated or inaccurate submissions of accountings and expenses from the Operational Training Exercises and related tdys. Complainant could not clear over [ ] in back-accountings - some of which extended to his initial assignment to [ ].

4. (S) Based on my experience interacting with this Officer since 2002, and in a variety of different assignments and environments, my professional assessment is that:

- This Officer lacks the integrity to be trusted with a [ ] Fund Account. He should not be relied upon to Certify for Operational Expenses.

55/58

~~SECRET~~

C :00650

- I recommend that his accountings for Official Funds be forensically scrutinized going back to his initial hiring by CIA.

- Complainant should not be assigned to an operational position domestically or abroad, and certainly not - despite his GS Grade - to any position of authority, responsibility, or one in which he will need to be accountable. If he remains an employee of CIA, he should be under close supervision by an experienced Officer fully cognizant of Complainant's background, operational and professional history.

I would recommend against any tdy operational deployment of this Officer.

SECRET

# ATTACHMENT 2



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Mack L. Charles,
Complainant,

v.

John O. Brennan,
Director,
Central Intelligence Agency,
Agency.

Request No. 0520140422

Appeal No. 0120120142

Agency No. 1025

### DENIAL

Complainant timely requested reconsideration of the decision in Mack L. Charles v. Central Intelligence Agency, EEOC Appeal No. 0120120142 (May 21, 2014). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

In his request, Complainant references his appeal and makes many of the same arguments that he made below. He continues to argue that he provided direct evidence of discrimination. The previous decision addressed this matter, finding that the statement regarding Complainant's prior EEO activity was not direct evidence because there was no showing that the referral to the Personnel Evaluation Board (PEB) was based on Complainant's EEO complaint. The previous decision found that the Agency articulated legitimate non-discriminatory reasons for referring Complainant to the PEB.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 0120120142 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

2                                                                                          0520140422

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0610)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request from the Court that the Court appoint an attorney to represent you and that the Court also permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney with the Court does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden* (signature)
Carlton M. Hadden, Director
Office of Federal Operations

AUG 28 2014
Date

3                                           0520140422

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:

Mack L. Charles
c/o V.Toensing
1776 "K" St NW #737
Washington, DC 20006

Victoria Toensing, Esq.
1776 "K" St NW #737
Washington, DC 20006

Kenneth L. Dewitt, Director
Office of Equal Employment Opportunity
Central Intelligence Agency
1F91, Original Headquarters Building
Washington, DC 20505

AUG 2 8 2014
Date

_(signature)_
Compliance and Control Division

## CERTIFICATE OF SERVICE

I certify that today, January 23, 2015, I served a paper copy of the foregoing Complaint and attachments. by First Class Mail, on the following:

>The Honorable John O. Brennan
>Director
>Central Intelligence Agency
>Washington, D.C. 20505
>
>The Honorable Eric H. Holder, Jr.
>Attorney General of the United States
>U.S. Department of Justice
>900 Pennsylvania Avenue, N.W.
>Washington, D.C. 20530-0001
>
>The Honorable Ronald C. Machen, Jr.
>United States Attorney for the
>  District of Columbia
>United States Attorney's Office
>555 4th Street, N.W.
>Washington, D.C. 20530

_____
Mack L. Charles

c/o V. Toensing
1776 K Street, N.W., #737
Washington, D.C. 20006

Telephone: (202) 213-3726
Email: macklcharles@yahoo.com

Plaintiff *pro se*